IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESSE JACOBSEN, | ) | 4:10CV3057 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBR. COURT | ) | |
| SYSTEM, D.E.A., Sgt. Sabada & | ) | |
| Team, DISTRICT ATT, PROS. ATT, | ) | |
| PUBLIC DEF., JUDGES, STATE, all | ) | |
| of them, ALL LAWYERS IN NEBR., | ) | |
| POLICE, and SUPREME COURT | ) | |
| JUDGES, all of them, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 2, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter on April 2, 2010, against the State of Nebraska Court System, all of lawyers in Nebraska, all of the Supreme Court Judges and several other individuals. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that "the system" has committed several crimes including, "withholding vital information in all cases[,] . . . insurance fraude [sic], conspiracy, organized crime, contributing to minors [and] human rights abuses." (*Id*. at CM/ECF pp. 1-8.) Plaintiff provides five examples of these crimes and asks the court to "charge . . . and sentence" Defendants. (*Id*. at CM/ECF pp. 2-6.) Plaintiff also asks the court to order Defendants to pay restitution. (*Id*. at CM/ECF p. 6.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.     DISCUSSION OF CLAIMS

A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996); *see also United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's

discretion."); *Rzayeva v. United States*, 492 F.Supp. 2d 60, 73 (D. Conn. 2007) ("[T]his Court lacks jurisdiction to order federal agents to initiate a prosecution."). In light of these findings, Plaintiff's request to charge and sentence Defendants for "crimes the system committed" must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice for lack of jurisdiction.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of June, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.